NO. 07-99-0485-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 13, 2001



______________________________




KRISTAN PENNINGTON, APPELLANT



V.



PAUL CHERRY, APPELLEE




_________________________________



FROM THE 356TH DISTRICT COURT OF HARDIN COUNTY;



NO. 37,888; HONORABLE BRITT E. PLUNK, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and JOHNSON, JJ.

ON ABATEMENT AND REMAND


 On September 16, 1999, a judgment was entered awarding appellant Kristan
Pennington damages in the amount of $4,526.58, together with post-judgment interest at
the rate of 10% per year for injuries suffered by her in an automobile accident. Notice of
appeal was subsequently given.

 We have received the clerk's record but have only received volume four of the
reporter's record. At least five requests for extension of time have been granted and this
court has also by letter dated October 17, 2000, notified the parties and the trial court of
the lack of a reporter's record and required the record be filed within 30 days. The most
recent extension of time required the reporter's record to be filed by December 12, 2000,
and notice was provided that if the reporter's record was not filed by that date, it might be
necessary to abate the matter to the trial court. By letter dated January 12, 2000, the
reporter represented that the record would be on file by January 23, 2000. To date, we
have still not received the reporter's record. This sequence of events requires us to
effectuate our responsibility to ensure a prompt pursuance of this appeal and to preserve
the parties' rights. See Tex. R. App. P. 37.3(a)(1). Accordingly, this appeal is abated and
the cause remanded to the 356th District Court of Hardin County, Texas.

 Upon remand, the judge of the trial court shall immediately cause notice to be given
and conduct a hearing to determine whether appellant has abandoned her appeal. If it is
determined that appellant has not abandoned her appeal, the court shall further determine:

 1. If appellant's attorney of record continues to represent appellant and will
diligently pursue this appeal. 

 2. What steps are necessary to ensure the prompt preparation of a
reporter's record. 

 3. If any orders are necessary to ensure the diligent and proper pursuit of
appellant's appeal. 

 

 In support of its determination, the trial court shall prepare and file its findings and
orders and cause them to be included in a supplemental clerk's record. In addition, the
trial court shall cause a transcription of the hearing to be prepared and included in a
reporter's record. The supplemental clerk's record and reporter's record should be
submitted to the clerk of this court no later than March 14, 2001. 

 It is so ordered. 

 Per Curiam

Do not publish.



#160;   We now address the validity of the two potentially arguable issues raised by
appointed counsel. The first involved the guilt/innocence phase. Counsel reviewed each
phase of the trial including 1) the indictment, 2) pre-trial motions, 3) appellant’s plea of
guilty and the trial court admonishments, and 4) the trial itself. As counsel points out, the
guilty plea before the jury “admits the existence of all facts necessary to establish guilt.” 
          The second issue concerned any error that may have occurred in the punishment
phase. According to counsel, the punishment may appear to be excessive, 99 years in
prison and a $250,000 fine; yet, it was still within the range prescribed by statute.
Therefore, counsel concludes that no error existed warranting reversal in either the
guilt/innocence or punishment phases.     
          We also conducted our own review of the record pursuant to Stafford v. State, 813
S.W.2d 503 (Tex. Crim. App. 1991) and found no arguable issue warranting reversal.
          Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial
court is affirmed.  
 
                                                                           Brian Quinn
                                                                          Chief Justice

Do not publish.